UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DELEON,

    Movant,

v.

    Case No. 8:22-cv-2264-MSS-JSS

    Crim. Case No. 8:18-cr-325-MSS-JSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Deleon moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and challenges his convictions for interference with commerce by robbery and using or carrying a firearm during a crime of violence. (Docs. 1 and 5) At trial, a jury found Deleon guilty of the crimes (Crim. Doc. 76), and the court of appeals affirmed the convictions, vacated the sentences, and remanded for resentencing. (Crim. Doc. 117) This Court resentenced Deleon to 135 months of prison. (Crim. Doc. 132) Deleon did not appeal.

In his Section 2255 motion, Deleon raises several claims, including that trial counsel was ineffective for not filing a notice of appeal after the resentencing. (Doc. 1 at 4) (Ground One) He states that "he cannot remember the exact day he told counsel to file the appeal but [he] thinks it was a couple of days after the sentencing hearing." (Doc. 5 at 1)

In this Court's experience, the parties, the United States Marshal, and the Court incur considerable expense and inconvenience from the adjudication of a claim that trial counsel was ineffective for not filing a notice of appeal. The United States Marshal must transport the defendant from the prison where he is incarcerated for an evidentiary hearing. The United States Attorney's Office must extend its overstretched resources by assigning the case to a

prosecutor who will have to respond to the motion and who will have to prepare for and attend the hearing.

In the interest of judicial efficiency, the Court **GRANTS** in part Deleon's motion (Doc. 1) to vacate, set aside, or correct his sentence only to the extent that appointed counsel will pursue an out-of-time appeal on Deleon's behalf. *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), requires the Court to proceed as follows:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

The Court grants Deleon relief only in the interest of judicial economy to avoid an evidentiary hearing. The parties should not construe the grant of relief for that limited purpose as a determination that trial counsel was in any way ineffective in his representation of Deleon in the criminal case. The Court **DISMISSES** without prejudice the other claims in the Section 2255 motion. *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).

Accordingly, the Court **GRANTS** in part Deleon's motion (Doc. 1) to vacate, set aside, or correct his sentence. The Court will enter an order in the criminal action vacating the judgment and reappointing counsel and will enter a new judgment with an identical sentence. The Clerk is **DIRECTED** to enter a judgment in this action for Deleon on Ground One and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on December 22, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE